**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

TRADON MARQUEZ DRAYTON,

    Petitioner,

v.                                                        Civil Action No. 2:15cv43
                                                             (Judge Bailey)

WARDEN SAAD and ANTHONY P.
GIORNO (AUSA),

    Respondent.

## REPORT AND RECOMMENDATION

On June 15, 2015, the *pro se* petitioner, an inmate at FCI Hazelton in Bruceton Mills, Virginia, filed a petition under 28 U.S.C. § 2241, attaching a memorandum in support and exhibits, and challenging his sentence, imposed in the United States District Court for the Western District of Virginia. ECF No. 1. Along with his petition, he filed a motion to proceed *in forma pauperis* ("IFP"), a copy of his Prisoner Trust Account Report ("PTAR") with attached Ledger Sheet, and a motion for leave to exceed the page limit. By Order entered June 16, 2015, Petitioner was granted leave to proceed IFP but directed to pay the $5.00 filing fee. ECF No. 6. On June 22, 2015, Petitioner filed a certificate of service. ECF No. 9. On July 13, 2015, he paid the $5.00 filing fee. ECF No 10. By Order entered September 22, 2015, Petitioner's motion to exceed the page limits was granted. ECF No. 11.

This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

### I. Factual and Procedural History[1]

---

[1] The citations in this section are to petitioner's underlying criminal case in the Western District of Virginia, Case No. 1:04cr9-1. The description of the facts of Petitioner's underlying crime were taken from the Memorandum

**A. Conviction and Sentence**

On February 3, 2004, in the Western District of Virginia, a grand jury returned a multi-count indictment charging Drayton and others with drug and firearm offenses related to the July 16, 1999 Galax, Virginia shooting of one James Thornton and its subsequent investigation. Because Drayton faced a potential capital charge for the drug-related shooting, two attorneys were appointed to represent him. After extensive pretrial proceedings, a Superseding Indictment was returned on July 6, 2004 [ECF No. 66], and on October 18, 2005, a Third Superseding Indictment was returned. ECF No. 146.

On March 30, 2006, after a four-day jury trial, Petitioner was convicted of conspiring to possess with intent to distribute five grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 846 (2000) ("Count Five"); using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000) ("Count Seven"); violating § 924(c) while causing the death of a person through the use of a firearm, in violation of 18 U.S.C. § 924(j) (2000) ("Count Eight"); possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2000) ("Count Nine"); and firing a weapon into a group of two or more persons in furtherance of a major drug offense, in violation of 18 U.S.C.§ 36(b)(1) (2000) ("Count Ten"). ECF No. 363. He was acquitted of Count Six, which charged him with possession of five grams of crack cocaine with intent to distribute on July 16, 1999, in violation of 18 U.S.C.A. §§ 2 and 841(a).

Petitioner appeared before United States District Judge James P. Jones for sentencing on June 16, 2006. ECF No. 419. Judge Jones sentenced Petitioner to total term of 548 months; 188

---

Opinion denying his first § 2255 motion. See United States v. Drayton, W.D. Va. Case No. 1:04cr9-1, ECF No. 559 at 2 – 7.

months on each of Counts Five, Nine, and Ten, all to be served concurrently, followed by a 60-month term on Count Seven, to be served consecutively, then followed by a 300-month term as to Count Eight, to be served consecutively. Upon release, Petitioner was sentenced to a term of 5 years supervised release, consisting of 5 years on each of Counts Five, Seven, Eight, and Ten, and a 3-year term as to Count Nine, all terms to run concurrently. ECF No. 422 at 2 - 3.

## B. Direct Appeal

Drayton appealed, arguing that the court erred in denying his Motion for Judgment of Acquittal on Count Eight; erred in denying his Motion to Dismiss the Indictment; and improperly sentenced him to a consecutive term of 300 months on Count Eight. On March 4, 2008, by unpublished opinion, the United States Court of Appeals for the Fourth Circuit affirmed. United States v. Drayton, 267 F. App'x 192 (4th Cir. 2008) (per curiam). Drayton's s motion to recall the mandate was denied on August 26, 2013. On October 7, 2014, Drayton's petition for writ of *certiorari* was denied.

## C. §2255 Motions

On March 2, 2009, Petitioner filed his first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging the following grounds for relief:

1. Trial counsel provided ineffective assistance by

    a. Failing to call Yvonne Reeves as a defense witness;

    b. Failing to call Darryl Parum as a defense witness;

    c. Failing to call John Reeves as a defense witness;

    d. Failing to object to Count Seven as being duplicative; and

    e. Withdrawing post-trial motions as to Count Five.

2. The evidence was insufficient to establish that Drayton conspired with another person;

3

3. the evidence was insufficient to establish that Drayton used or carried a firearm during and in relation to a drug trafficking crime, or that he possessed a firearm in furtherance of such a crime;

4. the evidence was insufficient as to Count Eight, in that the government failed to prove that Drayton shot at the car in which the victim was killed;

5. the evidence was insufficient as to Count Ten, alleging that Drayton committed a drive-by shooting;

6. the sentence as to Count Five was illegal because Drayton was sentenced based on a drug amount not found by the jury beyond a reasonable doubt;

7. the sentence as to Count Eight was illegal because Drayton was convicted for involuntary manslaughter, but was sentenced for an unindicted subsequent violation of 18 U.S.C.A. § 924(c);

8. the sentence as to Count Nine was illegal because Drayton was convicted of possessing a firearm as a convicted felon, but was sentenced beyond the statutory maximum for that offense; and

9. appellate counsel was ineffective for failing to file a petition for rehearing, a petition for rehearing *en banc*, and a petition for a writ of *certiorari* after Drayton asked her to do so.

By Memorandum Opinion and Order entered October 21, 2010, Drayton's § 2255 motion was denied. ECF No. 560. Drayton appealed. By unpublished opinion issued on March 9, 2011, Drayton's certificate of appealability was denied and the appeal was dismissed. United States v. Drayton, 415 F. App'x 490 (4th Cir. 2011) (per curiam). Petitioner did not file a petition for writ of *certiorari* with the Supreme Court.

On July 31, 2012, Drayton filed a *pro se* motion entitled "Motion for Writ of *Audita Querela* Pursuant to 28 U.S.C. § 1651(a)," which was construed as a second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 586. In it, he requested that the court reconsider a motion to dismiss denied prior to trial. By Memorandum Opinion and Order entered August 20, 2012, the motion was dismissed as an unauthorized second or

successive § 2255 motion. ECF No. 588. Drayton appealed. By unpublished opinion issued on June 26, 2013, the appeal was dismissed untimely filed and for lack of jurisdiction. United States v. Drayton, 531 Fed. Appx. 294 (4th Cir. Va. 2013) (per curiam).

On November 13, 2013, Drayton filed a third Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging that he was entitled to be resentenced under Alleyne v. United States.[2] ECF No. 598. By Memorandum Opinion and Order issued November 18, 2013, the motion was dismissed as an unauthorized second or successive § 2255 motion. ECF 600.

On March 10, 2014, Drayton filed a fourth Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging that, among other things, he was wrongfully convicted, as demonstrated by new evidence that a government witness lied at trial, and that he was entitled to be resentenced under Alleyne v. United States. ECF No. 602. By Memorandum Opinion and Order issued March 11, 2014, the motion was dismissed as an unauthorized second or successive § 2255 motion. ECF No. 604.

On January 11, 2016, in the Fourth Circuit Court of Appeals, Drayton filed a motion filed under 28 U.S.C. § 2244 for an order authorizing a second or successive § 2255 motion, raising as grounds the ineffectiveness of his appellate counsel for not filing his post-conviction appeals and causing him to miss the deadlines for those appeals. By Order entered January 22, 2016, the motion was denied. In re Tradon Drayton, No. 16-109 (4th Cir. Jan. 21, 2016).

On May 16, 2016, in the sentencing court, Drayton filed a *pro se* Motion to Dismiss the Indictment which was construed as a fifth Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. By Opinion and Order issued May 23, 2016, the motion was denied as an unauthorized second or successive § 2255 motion and a certificate of appealability

---

[2] Alleyne v. United States, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).

was denied. ECF No. 628. On June 3, 2016, Drayton filed a Motion for Reconsideration of his Motion to Dismiss the Indictment. ECF No. 629. As of the date of this Report and Recommendation, that motion is still pending.

D. **Other Collateral Proceedings**

On November 30, 2011, Drayton filed a *pro se* Motion to Reduce Sentence pursuant to Amendment 750 and 18 U.S.C. § 3582 (c) (2). ECF No. 572. By Order entered December 28, 2011, Drayton's motion was granted and his sentence was reduced from 511 months to a total term of 470 months. ECF No. 575.

## II. Claims Raised by Petitioner

Petitioner raises one ground for relief, contending that

1) prior to sentencing, the probation officer prepared a PreSentence Investigation Report ("PSR") alleging that Count Eight might contain a violation of 18 U.S.C. 924(c) as opposed to 924(j), what the jury found. The Court accepted the PSR recommendation and sentenced Petitioner to a statutory minimum that exceeded the maximum of what the jury found Petitioner guilty of, in violation of his 5th, 6th, and 14th Amendment rights. ECF No. 1-1 at 2. Accordingly, Petitioner received a consecutive 300 month sentence on Count Eight, which was based on facts neither pled to, nor found true by a jury beyond a reasonable doubt, a violation proscribed by the Supreme Court in Alleyne v. United States. ECF No. 1-2 at 2.

As relief, Petitioner requests that this court "vacate my erroneous sentence and sentence me to what the jury found me guilty of . . . Had I been sentence [sic] to what the jury found me guilty of, my sentence would have been expired a few years ago." ECF No. 1 at 8.

Petitioner asserts that his remedy by way of §2255 is inadequate or ineffective because "the Supreme Court did not rule out [sic] in Alleyne until June 2013, and my 2255 was denide [sic] in 2010." Id. at 9.

## III. Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and

6

recommendations to the District Court. This Court is charged with screening petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a *pro se* litigant, petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (*per curiam*). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. §2255. A §2241 petition is used to attack the manner in which a sentence is executed. Thus, a §2241 petition that challenges a federal conviction and/or sentence is properly construed to be a §2255 motion. The only exception to this conclusion is where a §2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in §2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

7

28 U.S.C. §2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

*In re* Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In his petition, Drayton asserts that he is entitled to have his sentence vacated and to be resentenced without the statutory mandatory minimum consecutive sentence on Count Eight that was not charged in the indictment nor presented to the jury. ECF No. 1-2 at 2.

Petitioner admits that his claim regarding the "erroneous" statutory mandatory minimum sentence for Count Eight has already been raised in both his appeal and in his first § 2255 motion. Moreover, a review of Petitioner's criminal and appellate docket establishes that he has also unsuccessfully raised the Alleyne arguments twice before, in his third and fourth successive § 2255 motions. Accordingly, it is apparent that he is attempting to re-litigate the same sentencing issues he has previously raised.

In order to raise claims under §2241, a petitioner must first establish that he is entitled to review under §2241 by meeting the Jones requirements. The remedy provided under §2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence

8

under §2241. Based on the language in Jones, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime. Here, petitioner does not even attempt to argue that he is imprisoned for an offense which is no longer a crime.³ Rather, relying on Alleyne, he argues that his sentence on Count Eight was "illegal" [ECF No. 13], because the district court should not have treated Count Eight as a second or subsequent § 924(c) conviction⁴ for sentencing purposes, because that count charged a violation of the current 18 U.S.C. § 924(j) and relied on the same facts proven in Count Seven. Drayton claims his conviction under Count Eight should not count as a second § 924(c) conviction and impliedly asserts the sentencing provision in § 924(c)(1)(C)(I) is inapplicable. Because he was found guilty of manslaughter on Count Eight, he argues that he should only have been sentenced under the federal manslaughter statute. See 18 U.S.C. § 1112 (2000) (providing ten-year maximum for voluntary manslaughter). He asserts that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Alleyne, 133 S.Ct. at 2155.

Petitioner's attempt to invoke the holding in Alleyne is misplaced. In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a

---

³ Clearly such a claim would be improper. Conspiring to possess with intent to distribute five grams or more of cocaine base ("crack cocaine"); using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime; violating § 924(c) while causing the death of a person through the use of a firearm; possessing a firearm after having been convicted of a felony; and firing a weapon into a group of two or more persons in furtherance of a major drug offense all remain crimes, pursuant to 21 U.S.C. § 846; 18 U.S.C. §§ 924(c)(1); 924(j); 922(g)(1); and 36(b)(1).

⁴ In Count Seven, Drayton was convicted of using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and on Count Eight, of violating § 924(c) while causing the death of a person through the use of a firearm, in violation of 18 U.S.C. § 924(j).

mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id. at 2162.

This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi).

The substance of Petitioner's argument is that he "was prejudiced by the erroneous statutory mandatory minimum which was a finding that differed from that of the jury and [was 15] . . . years above what the jury returned on the verdict form." ECF No. 1-2 at 18. Accordingly, Petitioner argues that his "illegal" sentence must be vacated. Clearly, Petitioner still misapprehends the basis for his consecutive 300-month sentence on Count Eight. As was already explained to him by the district court at sentencing and by the Fourth Circuit on Appeal, Counts Seven and Eight were distinct convictions under § 924(c) for the purposes of sentencing. purpose of sentencing. Cf. United States v. Battle, 289 F.3d 661, 666 (10th Cir. 2002); United States v. Allen, 247 F.3d 741, 769 (8th Cir. 2001), vacated on other grounds, 536 U.S. 953 (2002).

Section 924(j)(1) reads: "A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall — (1) if the killing is a murder . .

10

. be punished by death or by imprisonment for any term of years or for life." (emphasis added). At a minimum, the inclusion of the language "in the course of a violation of subsection (c)" indicates that § 924(c) plays a role in a § 924(j) offense and, to understand that role, § 924(j) must be considered in the context of § 924(c).

Section 924(c) sets out the elements required to violate that section and the nature of the punishment for its violation. Pursuant to 18 U.S.C. § 924(c)(1)(D)(ii), the punishment must be consecutive. Accordingly, "[i]t takes no special insight or leap of logic to conclude that the central reason for Congress's choice of language in writing [§ 924(j)] — 'during the course of a violation of [§ 924(c)]' — was to ensure that separating out subsection (j) from subsection (c) did not deprive the law of a coherent sentencing scheme, the heart of which is the consecutive sentence mandate." Berrios, 676 F.3d at 141.

> [T]o read § 924(j) as not subject to the consecutive sentence mandate of § 924(c) would mean that a defendant convicted under § 924(j) would face a more lenient sentencing scheme — under which . . . [his] sentence would not have to be consecutive — simply because, in the course of violating § 924(c), he murdered someone. To read § 924(j) in this way would give rise to a truly absurd result with perverse incentives; a defendant facing life or a term of years could create a more favorable sentencing environment for himself by committing a murder during his commission of the § 924(c) offense." [] It is "highly 'unlikely that Congress, which clearly intended to impose additional cumulative punishments for using firearms during violent crimes in cases where no murder occurs, would turn around and not intend to impose cumulative punishments in cases where there are actual murder victims.'

United States v. Bran, 776 F.3d 276, 282 (4th Cir. Va. 2015)(internal citations omitted). Drayton's argued-for interpretation "would lead to the odd result that a defendant convicted under § 924(c) is subject to an additional consecutive sentence only in situations that do not result in a death caused by use of the firearm." Allen, 247 F.3d at 769.

Even with the statutorily-required mandatory consecutive sentences required on Counts Seven and Eight, and the denial of Drayton's motion for a downward departure the sentencing

judge still gave Drayton a sentence at the lowest end of the Guidelines on each of Counts Five, Nine, and Ten, all to be served concurrently. See ECF No. 1-3 at 25; see also W.D. Va. Case No. 1:04cr9-1, ECF No. 419 and 422.

Moreover, even if Petitioner's consecutive sentence were erroneously imposed, he still fails to establish a claim that would permit this Court to afford him relief under § 2241 based on Alleyne. A number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Because Petitioner clearly attacks the validity of his sentence, and fails to establish that he meets the Jones requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and that this matter be **DISMISSED with prejudice.**

**Within fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a**

**judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

DATED: July 27, 2016

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE