# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## ELKINS

**TRADON MARQUEZ DRAYTON,**

    Petitioner,

v.                                                                **CIVIL ACTION NO. 2:15-CV-43**
                                                                     **(BAILEY)**

**WARDEN SAAD** and **ANTHONY P. GIORNO (AUSA),**

    Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 14]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on July 27, 2016, wherein he recommends this Court dismiss the petitioner's § 2241 petition with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Petitioner timely filed his Objections [Doc. 16] on August 4, 2016. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## Background[1]

This petitioner was not convicted nor sentenced in this District, but rather in the Western District of Virginia. His direct appeal was denied. His petition for writ of *certiorari* was denied. His countless collateral challenges have been denied. His certificates of appealability were denied. His petitions to file second or successive § 2255 motions under § 2244 were denied. His five § 2255 petitions were denied. His Motion for Writ of *Audita Querela* was denied. He has now filed a § 2241 in this District seeking relief. Although the petitioner's various methods of attack have evolved over time, his failed arguments remain unchanged. For the reasons that follow, this Court finds that the petitioner is entitled to no relief.

## Discussion

The law is clearly developed that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or

---

[1] The procedural history is beautifully laid out over five pages in the R&R [Doc. 14 at pp. 2-6].

2

a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the language in *Jones*, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

A § 2241 petition is used to attack the manner in which a sentence is executed. A § 2241 petition which challenges a federal conviction and sentence is properly construed as a § 2255 petition. The only exception to this is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. For instance, such relief is available where a prisoner is imprisoned for an offense which is no longer a crime.

The savings clause of § 2255, however, is "confined to instances of actual innocence

3

of the underlying offense of conviction," not "innocence" of a sentencing factor. ***Darden v. Stephens***, 426 F.App'x 173, 174 (4th Cir. 2011)(refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

In his Objections [Doc. 14], the petitioner argues that "[t]he [R&R] is not predicated upon truth and thus should be disregarded" in its entirety. The petitioner's claim asserts the following ground for relief:

> Prior to sentencing, the probation officer prepared a PreSentence Investigation Report ("PSR") alleging that Count Eight might contain a violation of 18 U.S.C. 924(c) as opposed to 924(j), what the jury found. The Court accepted the PSR recommendation and sentenced Petitioner to a statutory minimum that exceeded the maximum of what the jury found Petitioner guilty of, in violation of his 5th, 6th, and 14th Amendment rights. Accordingly, Petitioner received a consecutive 300 month sentence on Count Eight, which was based on facts neither pled to, nor found true by a jury beyond a reasonable doubt, a violation proscribed by the Supreme Court in ***Alleyne v. United States***.

[Doc. 1-2].

Petitioner asserts that he is entitled to have his sentence vacated and to be resentenced without the statutory mandatory minimum consecutive sentence on Count Eight that was not charged in the Indictment nor presented to the jury. As an initial matter, however, petitioner admits that his claim regarding the "erroneous" statutory mandatory minimum sentence for Count Eight has already been raised in both his direct appeal and in his first § 2255 motion. Additionally, as noted in the R&R, a review of the petitioner's criminal and appellate dockets establishes that he has unsuccessfully raised ***Alleyne*** arguments twice before in his third and fourth successive § 2255 motions. As such, it is apparent that the petitioner is simply attempting to re-litigate the same issues previously

4

raised and denied.

It is clear under *Jones* that the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime. Here, the petitioner does not attempt to make such an argument. Rather, petitioner attempts to make a claim for relief based on *Alleyne*; however, the petitioner's reliance on *Alleyne* is misplaced. Pursuant to the decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), a jury is required to determine sentencing enhancements.

Relying on *Alleyne*, petitioner asserts his sentence on Count Eight was illegal because the district court should not have treated that count as a second or subsequent § 924(c) conviction for sentencing purposes because that count charged a violation of the current 18 U.S.C. § 924(j) and relied on the same facts proven in Count Seven.

The petitioner simply fails to understand that which has been explained to him time and time again; i.e., the basis for his consecutive 300-month sentence on Count Eight. As the district court and Fourth Circuit previously explained, Counts Seven and Eight were distinct convictions under § 924(c) for the purposes of sentencing. This, coupled with the fact that the petitioner fails to claim actual innocence, provides no relief for the petitioner. *See Green v. Hemingway*, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was

convicted"); *White v. Rivera*, 518 F.Supp.2d 752, 757 n.2 (D. S.C. 2007), *aff'd* 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); *Boynes v. Berkebile*, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D. W. Va. May 1, 2012). For the same reason, the petitioner's claims must fail. Because Drayton has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim.

A final reason why *Alleyne* does not apply to petitioner's case is because it is not retroactive to cases on collateral review. *See, e.g.*, *United States v. Stewart*, 540 Fed.Appx. 171 (4th Cir. 2013); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013). Accordingly, the petitioner's Objections [Doc. 16] are **OVERRULED**.

## Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 14]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The petitioner's Objections **[Doc. 16]** are **OVERRULED**. Accordingly, this Court **ORDERS** that the petitioner's § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondents and to **STRIKE** this case from the active docket of this Court.

6

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Drayton has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** August 15, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE